IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEFEI GUANSI INTELLIGENT TECHNOLOGY CO., LTD. dba GoneSee, HEFEI TINGPEI TRADING CO., LTD. dba Tantenbeller, and SHENZHEN YANLUO NETWORK TECHNOLOGY CO., LTD. dba Yanrockill,<br><br>*Plaintiffs*,<br>v.<br><br>TASSEL TOPPERS, LLC,<br><br>*Defendant*. | Civil Action No. 2:25-cv-4084<br><br>**JURY DEMAND** |

## ORIGINAL COMPLAINT

Plaintiffs Hefei Guansi Intelligent Technology Co., Ltd. dba GoneSee, Hefei Tingpei Trading Co., Ltd., dba Tantenbeller, and Shenzhen Yanluo Network Technology Co., Ltd. dba Yanrockill (collectively, "Plaintiffs") file this declaratory judgment action of patent non-infringement of graduation cap toppers as defined herein ("Accused Products") against United States Patent No. 9,241,526 ("'526 Patent"), owned by Defendant Tassel Toppers, LLC ("Defendant"). Plaintiffs further bring a related state law claim for tortious interference.

## INTRODUCTION

1.     Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%. that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant reported to Amazon meritless "Intellectual Property Violations" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

6. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

## PARTIES

7. Plaintiffs Hefei Guansi Intelligent Technology Co., Ltd. dba GoneSee (Seller ID: A3B3XY8FJMKX47), Hefei Tingpei Trading Co., Ltd. dba Tantenbeller (Seller ID: AQ8BGK16ACAMG), and Shenzhen Yanluo Network Technology Co., Ltd. dba Yanrockill (Seller ID: A21L72EW0H2KMN) are foreign legal entities organized under the laws of the People's Republic of China.

8. Upon information and belief, Defendant Tassel Toppers, LLC is a limited liability company organized under the laws of New Jersey with a principal place of business at 445 Godwin Avenue, Unit D, Midland Park, NJ 07432, United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq.* Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental subject matter jurisdiction over Plaintiffs' pendent state law claim pursuant to 28 U.S.C. § 1367 because the claim is so related to Plaintiffs' federal claim that it forms a part of the same case or controversy and derives from the same common nucleus of operative facts.

10. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the New Jersey Long Arm Statute, at least due to Defendant's

substantial business in this State , including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from New Jersey residents.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

12. Plaintiffs are e-commerce companies selling various graduation cap products on the Amazon marketplace.

13. The Accused Products at issue are the graduation cap toppers identified by ASIN Nos. B0DT7416TX, B0DT72W8FG, B0DT71R5GH, B0DT6Z476W, B0DT72T6LJ, B0DT71DHBY, B0DT6W4M46, B0DT71G2LY, B0DT74B6W5, B0DT9R9JXY, B0DR2HV7BW, B0F3HV2BCQ, B0F4JLTT2S, B0F1CMC1B3, B0F1T9LR9L, B0DR1TWB1J, B0DR2CHGQD, B0DQY74KCW, B0F1ZXTKPS, B0F32R3CBC, B0F1T9DPJ1, B0F1TCM56G, B0F3HVRTR6, B0F32SV7JF, B0F1T9QY86, B0F21YBYC9, and B0DR2KWH45. Each ASIN sells Accused Products that are functionally equivalent.

14. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for graduation cap toppers, Plaintiffs need its products listed in the Amazon marketplace.

15. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 9,241,526

16. Defendant is the named assignee of record of the '526 Patent, shown in attached **Exhibit A**.

17. The '526 Patent is entitled "TASSEL TOPPER" and generally discloses: "graduation cap tops. Specifically, this invention relates to a decorated graduation cap top that removably secures to a standard graduation cap and a process of manufacturing such a decorated graduation cap top." *Id*. at 1.

18. An application for the Patent was filed on July 29, 2011, and issued on January 26, 2016. *Id*. Based on this filing date, it is believed that the '526 Patent is subject to the pre-AIA patent laws.

19. The Patent comprises six (6) claims, all directed to a graduation cap topper. *Id*.

## DEFENDANT'S ACTS

20. Defendant sells graduation cap decoration products.

21. On or around March 18, 2025, Defendant lodged meritless Amazon Infringement Complaints (Complaint IDs: 17424550591 and 17687912461). On or around May 06, 2025, Defendant lodged another meritless Amazon Infringement Complaint (Complaint ID: 17552628711). On or around May 07, 2025, Defendant lodged yet another meritless Amazon Infringement Complaint (Complaint ID: 17693695001). These meritless Amazon Infringement Complaints (collectively, "Complaints") are against Plaintiffs and the Accused Products. *See* **Exhibit B**. Therein, Defendant identified the '526 Patent as the intellectual property asserted.

22. Defendant further identified "Tassel Toppers" as the rights holder and provided its email as "marc@tasseltoppers.com."

23. Amazon responded to the Complaints by quickly removing or delisting the Accused Products.

## CLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

24. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

25. An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the '526 Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

26. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the '526 Patent.

27. For example, the Accused Products do not comprise each and every element of independent claim 1 of the '526 Patent. Claim 1 recites:

> A removable graduation cap topper, comprising: a substantially flat base having a top surface and a bottom surface, wherein the top surface may include a printed design,
>
> wherein the bottom surface includes one or more connection means configured to removably secure said substantially flat base to a top surface of a graduation cap,
>
> wherein said graduation cap includes connection means corresponding to said one or more connection means of said topper;
>
> wherein a gap exists between the graduation cap topper and the top surface of the graduation cap when the topper is affixed to the graduation cap, such that said gap allows a tassel attached to the graduation cap to be moved along the periphery of the graduation cap, through said gap,
>
> wherein the removable graduation cap topper covers at least a central area of the top surface of the graduation cap.

28.     Critically, the Accused Products do not comprise at least the claimed "said graduation cap includes connection means corresponding to said one or more connection means of said topper" of claim 1. Ex. A at 6:1-3.

29.     The '526 Patent discloses that "[t]he connection means 21 attached to said top surface of said standard graduation cap are attached to connection means 31 of said graduation cap top." Ex. A at 4:67-5:3.

30.     In comparison, the Accused Products can only be attached to graduation caps with additional adhesive materials or through adhesive layers of the cap topper. Graduation caps do not feature any connection means for the attachment of the Accused Products, which contrasts with the '526 Patent that incorporates corresponding connection means on surfaces of the topper and the graduation cap. Thus, the connection methods for the Accused Products are clearly distinct from what is specified in the '526 Patent, as shown, for example, in the figures below.



'526 Patent                    Accused Products

31.     Additionally, the '526 Patent explicitly claims that "the bottom surface includes one or more connection means configured to removably secure said substantially flat base to a top surface of a graduation cap."

32.     In comparison, while some of the Accused Products feature such connection means on the bottom surface to connect the topper with graduation caps, the remaining Accused Products do not allow the toppers to be removably secured but instead are for more permanent attachments. The application methods for all Accused Products make the decorations permanent or hard to remove, which contrasts with the '526 Patent that requires a removable cap topper to prevent permanent damage to graduation caps. Thus, the attachment mechanisms for the Accused Products are clearly distinct from what is specified in the '526 Patent, as shown, for example, in the figures below.



'526 Patent                           Accused Products

33.     Furthermore, the '526 Patent includes the claim limitation that: "wherein a gap exists between the graduation cap topper and the top surface of the graduation cap when the topper is affixed to the graduation cap, such that said gap allows a tassel attached to the graduation cap to be moved along the periphery of the graduation cap, through said gap." The '526 Patent discloses that "the graduation cap top is attached to said standard graduation cap in such a manner as to allow an attached tassel to move from a first position 51 to a second position 52." Ex. A at 5:6-9. In the '526 Patent, it is clear that the tassel is hidden underneath the cap topper and can be moved between the gap created between the said cap topper and the graduation cap.

34. By comparison, none of the Accused Products feature such a gap that allows the tassel to be hidden and moved under the graduation cap topper. The cap toppers are glued to the graduation cap for all Accused Products, leaving no gap between the said cap and the topper. The tassel attached to the graduation cap will move above the cap topper instead of hidden underneath it.

35. Therefore, the Accused Products do not meet each and every claimed limitation of independent claim 1 of the '526 Patent, and their application methods and ideology for decorating graduation caps are clearly different from that of the '526 Patent.

36. As discussed herein, it is clear that the Accused Products are distinct and do not infringe the '526 Patent, and that the alleged infringement is objectively baseless.

37. Plaintiffs therefore request a judicial declaration that the Accused Products do not infringe any claims of the '526 Patent.

## CLAIM II
## TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS RELATIONSHIP

38. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

39. By lodging the Complaint in bad faith with knowledge that the Patent was not infringed, and thereby knowingly asserting a false patent infringement claim against Plaintiffs, Defendant caused Amazon, who is and was in a contractual relationship with Plaintiffs, to delist or remove the Accused Products in error.

40. Defendant knew that Plaintiffs and Amazon had and have a contractual relationship related to the sale of the Accused Products.

41. Defendant willfully and intentionally committed acts, namely lodging the Complaints in bad faith, calculated to cause damage to Plaintiffs in their lawful businesses, namely the sale of the Accused Products on Amazon.

42. Defendant had actual knowledge of the existence of the contract and of Plaintiffs' interests in it, or knowledge of facts and circumstances that would lead a reasonable person to believe in their existence. For example, Defendant knew that Plaintiffs operate and sell the Accused Products via the Amazon platform.

43. Defendant's acts were the proximate cause of the harm as Amazon removed the Accused Products in direct response to the bad faith Complaints.

44. As a result of Defendant's acts and the bad faith Complaints, Plaintiffs have suffered damages in the form of lost sales, harm to business reputation, and harm to its Amazon health ranking.

45. Plaintiffs pray for a finding and judgment against Defendant for tortious interference with contract and business relationship and an award of damages thereon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter the following in favor of Plaintiffs:

A.  Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the '526 Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claims of the '526 Patent;

C.  A finding and judgment that this case is exceptional and an award to Plaintiffs of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

D.  A finding and judgment that Defendant is liable for tortious interference;

E.  Award damages to Plaintiffs for Defendant's tortious interference;

F.  Award Plaintiffs fees and costs in this action; and

G.  Such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Plaintiffs, through their undersigned counsel, hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated to the best of my knowledge and belief.

- 12 -

| | |
|---|---|
| Dated: May 9, 2025 | Respectfully submitted,<br><br>By */s/ John H. Choi*<br>John H. Choi (JC1286) (local counsel)<br>John H. Choi & Associates LLC<br>65 Challenger Road, Suite 100<br>Ridgefield Park, NJ 07660<br>(201) 580-6600<br>jchoi@jchoilaw.com<br><br>Timothy Wang (*pro hac vice* to be filed)<br>Texas Bar No.: 24067927<br>Ni, Wang & Massand, PLLC<br>8140 Walnut Hill Lane, Suite 615<br>Dallas, TX 75231<br>(972) 325-2220<br>twang@nilawfirm.com<br><br>*Counsel for Plaintiffs* |